# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CAROLYN K. PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )        1:06-cv-1438-SEB-JMS |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant.[1] | ) |

## ENTRY DISCUSSING COMPLAINT FOR JUDICIAL REVIEW

Carolyn K. Perry ("Perry") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq.*

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

## I.  BACKGROUND

Perry applied for DIB on June 20, 2003, alleging an onset date of July 1, 1999. Her application was denied initially and upon reconsideration. Her request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on May 12, 2005. Perry was present, accompanied by her attorney. Medical and other records were introduced into evidence. Perry, two medical experts and a vocational expert testified. The ALJ denied Perry's application on June 26, 2006. On August 20, 2006, the Appeals Council denied Perry's request for review of the ALJ's decision, making the ALJ's decision final. *See Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994). This action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d) of the *Federal Rules of Civil Procedure*, Michael J. Astrue, in his official capacity only, is the proper defendant in this action.

The ALJ's decision included the following findings: (1) Perry last met the insured status requirements of the Act on March 31, 2002; (2) Perry had not engaged in substantial gainful activity at any time relevant to the ALJ's decision; (3) through the date last insured, Perry had a severe combination of impairments consisting of arthritis, fibromyalgia, degenerative disc disease, carpal tunnel syndrome, synovitis of the digits of hands and feet, depression and anxiety (20 C.F.R. § 404.1520(c); (4) through the date last insured, Perry did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526); (5) through the date last insured, Perry had the residual functional capacity ("RFC") to perform the full range of sedentary work, as it is defined in 20 C.F.R. § 404.1567(a), and thus she had been capable of lifting and carrying ten pounds, sitting for six or more hours during an eight hour work day, and standing and walking in combination for two hours or less during an eight hour work day; and (6) through the date last insured, Perry's past relevant work as an operator at a hospital did not require the performance of work-related activities precluded by her RFC. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Perry was not under a "disability" as defined in the Act at any time through March 31, 2002, the date last insured.

## II.  DISCUSSION

### A.    Applicable Law

To be eligible for disability benefits, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1).

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

2

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993).  "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

## B.    Analysis

In this case, the ALJ determined at step four of the analysis that although Perry had severe impairments, she could perform her past relevant work as an operator at a hospital. Perry argues that the ALJ's decision was not supported by substantial evidence. Specifically, Perry contends that the ALJ's finding that she could perform the full range of sedentary work did not account for his finding that Perry had a limited ability to sit for prolonged periods.

Perry relies on the following statement made by the ALJ at step two of the analysis:

Accordingly, all of the impairments mentioned in the above paragraphs [arthritis, fibromyalgia, degenerative disc disease,  carpal tunnel syndrome, and synovitis of the digits of hands and feet] are severe in combination.  They all contribute to the claimant's pain and, in combination, limit her ability to lift and carry objects; her ability to stand and walk for prolonged periods; and her ability to sit for a prolonged period without shifting position.

(R. at 17).

Perry argues that the above statement conflicts with the ALJ's ultimate finding at step four that Perry could perform the full range of sedentary work. "The regulations define sedentary work as requiring primarily sitting, some walking and standing, and minimal lifting. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a).  A claimant can do sedentary work if he can (1) sit up for approximately six hours of an eight-hour workday, (2) do occasional lifting of objects up to ten pounds, and (3) occasionally walk or stand for no more than about two hours of an eight-hour workday." *Diaz v. Chater,* 55 F.3d 300, 306 (7th Cir. 1995) (citing *Edwards v. Sullivan,* 985 F.2d 334, 339 (7th Cir. 1993); *Kapusta v. Sullivan,* 900 F.2d 94, 96 (7th Cir. 1989); Social Security Ruling 83-10).

In support of her position, Perry cites *Peterson v. Chater*, 96 F.3d 1015 (7th Cir. 1996).  *Peterson* held, however, that the ALJ's findings that one, the claimant was not capable of prolonged sitting, standing, and walking, and two, that the claimant was capable of performing sedentary and light work, were irreconcilable. The Commissioner counters that *Peterson* is distinguishable because the ALJ here held that Perry had a *limited* ability to sit for a prolonged period without shifting position, and the ALJ in *Peterson* held that the claimant was *not capable* of prolonged sitting. The Commissioner also argues that the regulations allow for breaks at approximately two hour intervals, citing Social Security Ruling ("SSR") 96-9p. SSR 96-9p states that "[i]n order to perform a full range of sedentary

3

work, an individual must be able to remain in a seated position for approximately 6 hours of an 8- hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals. If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded." 61 FR 34478-01, 1996 WL 362208. The fact that "prolonged" sitting contemplated in the full range of sedentary work includes an allowance for breaks at two hour intervals renders the ALJ's finding that Perry could perform sedentary work consistent with the ALJ's statement that certain impairments, in combination, limited Perry's ability to sit for a prolonged period without shifting position.  (R. at 17).

The ALJ discussed Perry's complaints of back and leg pain and noted that her herniated disc did not become symptomatic until June of 2003, after her insured status expired. (R. at 19-21).  Medical expert Dr. Lorber testified that the objective evidence did not support the opinion of treating physician Dr. Ferguson that Perry should be limited to less than sedentary work. (R. at 24). The ALJ concluded that Dr. Ferguson's opinion was not consistent with that of the rheumatologists who examined Perry and advised her to do more, not less, aerobic and physical activity. *Id.* The ALJ noted that Perry's only treatment had been medication and he relied on Dr. Lorber's determination that Perry's medication regimen did not indicate a high level of pain. (R. at 21, 24). The ALJ found it significant that Dr. Lorber did take into consideration the fact that Perry's insured status expired on March 31, 2002, while it was not clear how much weight Dr. Ferguson gave to impairments which arose after the date last insured. (R. at 24).

The court must decline any invitation to resolve conflicts in or reweigh the evidence. *Diaz,* 55 F.3d at 305 ("We cannot substitute our own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled."). In determining Perry's eligibility for benefits, the ALJ applied the proper analytical methodology and fairly considered and weighed the evidence. The ALJ's decision was based on consideration of: (1) Perry's age, education, and work history; (2) Perry's history of diagnoses, treatment, medications, and evaluations; (3) Perry's own account of her conditions, capabilities, limitations, symptoms and daily routine; and (4) the testimony of Perry, two medical experts and a vocational expert.

The ALJ explained his rationale for evaluating the opinions and evidence of record. (R. at 17-25). There was no significant evidence, symptom, complaint, or issue which the ALJ's decision overlooked. Substantial evidence supports the ALJ's findings of fact and identification and assessment of Perry's impairments, and there was no error of law in the manner in which the evidence was evaluated.  As is the case here, an "ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion." *Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007). Here the ALJ sufficiently articulated his assessment of the evidence to enable the court to "trace the path of [his] reasoning." *Hickman v. Apfel,* 187 F.3d 683, 689 (7th Cir. 1999) (quoting *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996)). Substantial evidence supports the ALJ's finding that Perry was not disabled as defined in the Act at any time through March 31, 2002, the date she was last insured.

### III. CONCLUSION

There was no reversible error in the assessment of Perry's application for DIB. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. In these circumstances, Perry is not entitled to relief in this action. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____10/25/2007_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana